UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
HARSH KANYAN,

                Plaintiff,

        v.                          **MEMORANDUM AND ORDER**
                                     24-CV-8564 (RPK)

U.S. CITIZENSHIP & IMMIGRATION
SERVICES and SECRETARY U.S.
DEPARTMENT OF HOMELAND
SECURITY,

                Defendants.
-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Harsh Kanyan commenced this action seeking to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his I-589 application for asylum and withholding of removal. *See* Compl. 7 (Dkt. #1). Defendants have moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss (Dkt. #10). For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

      Plaintiff seeks asylum in the United States. *See* Compl. ¶¶ 10–11. In June 2021, plaintiff filed a Form I-589 Application for Asylum and for Withholding of Removal with USCIS. Compl., Ex. A (Dkt. #1-1). USCIS acknowledged receipt of plaintiff's application in July 2021, *ibid.*, but has not invited him for an initial interview or otherwise acted on her application, Compl. ¶¶ 12–13.

      Plaintiff's asylum application is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.* The INA directs the Attorney General to "establish a procedure for the consideration of asylum applications." *Id.* § 1158(d)(1). The INA requires the procedure to

1

provide, "in the absence of exceptional circumstances," an initial interview within 45 days of the application, and a decision to be made within 180 days of the application. *Id.* § 1158(d)(5)(A)(ii)–(iii).  However, the INA also states that "[n]othing in this subsection," including the 45- and 180-day deadlines, "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

USCIS adjudicates I-589 applications on a "last in, first out" ("LIFO") basis, which "seeks to prioritize the most recently filed affirmative asylum applications when scheduling affirmative asylum interviews." U.S. Citizenship & Immigr. Servs., *Affirmative Asylum Interviewing Schedule* (Mar. 29, 2024), https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling; *see Duan v. USCIS*, No. 22-CV-1538 (HG), 2023 WL 4687078, at *2 (E.D.N.Y. July 22, 2023) (taking judicial notice of this fact).  Beginning in March 2024, to "permit[] some of the oldest pending applications to be completed," USCIS added a second, simultaneous interview scheduling track in which it "assigns some of its asylum officers to complete affirmative asylum applications pending in the backlog, starting with the oldest applications and working forward" (known as "first in, first out" ("FIFO")).  U.S. Citizenship & Immigr. Servs., *supra*.  USCIS also permits applicants to request expedited adjudication in cases of, *inter alia*, "[s]evere financial loss" or for "[e]mergencies or urgent humanitarian situations." U.S. Citizenship & Immigr. Servs., *Expedite Requests* (Mar. 31, 2025), https://www.uscis.gov/forms/filing-guidance/expedite-requests; *see Duan*, 2023 WL 4687078, at *2 (taking judicial notice of this fact).

Plaintiff filed this lawsuit in December 2024.  *See* Compl.  His complaint asserts claims under the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 706(1); the Fifth Amendment; and the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* ¶¶ 27–55. Plaintiff asks the Court to "[m]andate that Defendants . . . schedule an asylum interview for Plaintiff within 30 days," "[d]eclare Defendants' delay in scheduling Plaintiff's I-589 Application as unlawful and unreasonable," and grant plaintiff attorneys' fees and costs. *Id.* at 7.

Defendants have moved to dismiss plaintiff's complaint. *See* Mot. to Dismiss. Defendants argue that plaintiff fails to state a claim under the APA or Mandamus Act, but the motion does not address plaintiff's claims under the Fifth Amendment or the Declaratory Judgment Act. *See* Mem. of L. in Supp. of Mot. to Dismiss 15–23 (Dkt. #10-1); Compl. ¶¶ 45–50.

Plaintiff previously filed an opposition to defendants' request for a pre-motion conference, *see* Resp. to Mot. for Pre-Mot. Conf. (Dkt. #7), but he has failed to respond to defendants' motion to dismiss. Defs.' Ltr. (Dkt. #11).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will only survive a motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (citation omitted). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted); *see Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotation marks, brackets, and citations omitted)).

## DISCUSSION

Defendants' motion to dismiss is granted because plaintiff has not plausibly alleged a claim for relief under the APA or the mandamus statute. Plaintiff is ordered to show cause why his claims under the Fifth Amendment and Declaratory Judgment Act should not also be dismissed.

### I. APA

Plaintiff fails to state a claim under Section 706(1) of the APA for unreasonable delay. The APA provides that "within a reasonable time, [an] agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It also authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). To determine whether an agency action is unreasonably delayed, courts employ the six-factor test in *Telecomms. Rsch. & Action Ctr.* ("*TRAC*") *v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984); *see Nat. Res. Def. Council, Inc. v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable, it may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (quotation marks and citations omitted). The first factor—whether the timetable is "governed by a 'rule of reason'"—is the "most important." *In re Core Commc'ns Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).

Applying the TRAC factors, courts in this circuit have consistently dismissed APA petitions raising claims of unreasonable delay in adjudicating I-589 applications that were pending

for periods similar to, or longer than, the period of delay underlying this petition. *See, e.g.*, *Liu v. USCIS*, No. 23-CV-2065 (RPK), 2024 WL 4436232, at *1, *3 (E.D.N.Y. Oct. 7, 2024) (dismissing APA claim based on an asylum application pending for four years); *Zheng v. Garland*, No. 22-CV-6039 (AMD), 2024 WL 333090, at *1, *6 (E.D.N.Y. Jan. 29, 2024) (over four years); *Hu v. Sessions*, No. 18-CV-2248, 2020 WL 7486681, at *1 (five years); *Ying Yu Liu v. Wolf*, No. 19-CV-410 (PGG), 2020 WL 2836426, at *1 (S.D.N.Y. May 30, 2020) (four-and-a-half years); *Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) (three years); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (five years).

The facts alleged in the complaint do not warrant a different outcome here.

Defendants' decision to adjudicate asylum applications on a LIFO basis constitutes a rule of reason. *See Duan*, 2023 WL 4687078, at *4 (collecting cases). USCIS previously adjudicated asylum applications through a "first in, first out" ("FIFO") policy. But because applicants may be eligible to receive a document authorizing them to work in the United States while their application is pending, USCIS determined that "the FIFO policy led to backlogs of frivolous, fraudulent or otherwise non-meritorious asylum applications filed solely to obtain work authorization." *Liu*, 2020 WL 2836426, at *8 (quotation marks and citation omitted). The LIFO rule is aimed at reducing the incentive to file such applications by reducing the benefit that applicants may obtain from them. As other courts have concluded, this is a rule of reason. *See Duan*, 2023 WL 4687078, at *4 (collecting cases).

Turning to the second TRAC factor, this rule-of-reason determination is not undercut by the INA's timetable for asylum interviews. While the INA prescribes a 45-day deadline for extending interviews to asylum seekers, 8 U.S.C. § 1158(d)(5)(A)(ii), it also provides that the deadline-setting provision does not "create any substantive or procedural right or benefit that is

5

legally enforceable by any party against the United States or its agencies or officers or any other person," *id.* § 1158(d)(7). Accordingly, courts "do[] not ascribe much significance to this timetable." *Xu*, 434 F. Supp. 3d at 53; *accord Duan*, 2023 WL 4687078 at *4.

Turning to the next three factors, plaintiff has not plausibly alleged an interest of sufficient magnitude to justify a court-ordered deviation from the agency's rule of reason. While the complaint does not specify how the delay has impacted plaintiff, he explains in a letter that he is "limited in making personal decisions that affect his life as his time in the US is uncertain." Resp. to Mot. for Pre-Mot. Conf. 3. These allegations describe a situation that "could just as easily be true for" many other asylum applicants. *De Oliveira v. Barr*, No. 19-CV-1508 (ENV), 2020 WL 1941231, at *5 (E.D.N.Y. Apr. 22, 2020) (citations omitted). Ordering the agency to place plaintiff "at the head of the queue" while "mov[ing] all others back one space," *De Oliveira*, 2020 WL 1941231, at *5 (citation omitted), could thus delay the adjudication of longer-pending applications that present comparable interests. Taking together the "the nature and extent of the interests prejudiced by delay" and "the effect of expediting delayed action on agency activities of a higher or competing priority," plaintiff has not set forth interests that justify compelling agency action. *See ibid.*; *Duan*, 2023 WL 4687078, at *5.

Accordingly, plaintiff fails to state an APA claim for unreasonable delay.

## II. Mandamus

Plaintiff fails to state a claim for relief under the Mandamus Act, 28 U.S.C. § 1361. Relief under Section 1361 is "an extraordinary remedy." *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009). "Mandamus may be awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008).

Plaintiff has not plausibly alleged that the INA provides him a clear right to relief to adjudication of his application within any particular time frame. "A legion of courts has held that § 1158(d)(7) unequivocally denies asylum applicants a private right of action to enforce the procedural requirements found in that statute." *Ngai v. Mayorkas*, No. 22-CV-5358 (LDH) (JRC), 2024 WL 1346530, at *2 (E.D.N.Y. Mar. 29, 2024). "It is beyond serious dispute that mandamus pursuant to [Section] 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action," as the Mandamus Act gives courts "the power to compel an officer or employee of the United States or any agency thereof to perform a duty owed *to the plaintiff*." *Zheng*, 2024 WL 333090, at *4 (brackets, quotation marks and citation omitted).

Even if plaintiff did have a clear right to an immediate adjudication of his application, mandamus relief would still not be available because plaintiff has an adequate alternative remedy in the form of an APA claim brought under 5 U.S.C. § 706(1). *See, e.g.*, *Zheng*, 2024 WL 333090, at *5; *Xu*, 434 F. Supp. 3d at 56; *Aydemir v. Garland*, No. 22-CV-100 (PAC), 2022 WL 4085846, at *7 (S.D.N.Y. Sept. 6, 2022). This is true even though plaintiff's APA unreasonable-delay claim fails on the merits. *See, e.g.*, *Zheng*, 2024 WL 333090, at *5; *Luo v. USCIS*, No. 23-CV-1104 (HG), 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023).

Accordingly, plaintiff's mandamus claim is dismissed.

### III. Fifth Amendment

The complaint does not appear to state a claim for relief based on the Fifth Amendment right to procedural due process. "In evaluating due process claims, the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001) (quotation marks, brackets and citation omitted). Plaintiff invokes his "interest in his I-589 Application [being] adjudicated in a manner consistent

7

with the INA and Federal Regulation[s]" promulgated pursuant to the INA. Compl. ¶ 49. But as noted above, the INA provision on which plaintiff relies, "Section 1158(d)(7)[,] explicitly disclaims the creation of any enforceable substantive or procedural right or benefit." *L.M. v. Johnson*, 150 F. Supp. 3d 202, 217 (E.D.N.Y. 2015) (quotation marks omitted). Accordingly, plaintiff is ordered to show cause why his procedural due process claim should not be dismissed for failure to state a claim. *See, e.g.*, *ibid.*; *Baisheng Chen v. Wolf*, No. 19-CV-9951 (AJN), 2020 WL 6825681, at *6 n.3 (S.D.N.Y. Nov. 20, 2020); *see also Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023) ("The issuance . . . of an order to show cause why a complaint should not be dismissed *sua sponte* for a stated reason[] will typically suffice to provide notice and an opportunity to be heard.").

## IV. Declaratory Judgment

The Court appears to lack subject-matter jurisdiction over plaintiff's declaratory judgment claim. "The Declaratory Judgment Act does not provide an independent basis for federal jurisdiction." *Konde v. Raufer*, No. 23-CV-4265 (JPC), 2024 WL 2221227, at *6 (S.D.N.Y. May 16, 2024) (citing *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996)). Given the dismissal of plaintiff's claims under the APA and the Mandamus Act, should his claim under the Fifth Amendment also be dismissed, the Court would "lack[] jurisdiction over [his] request for relief under [the] Declaratory Judgment Act." *Ibid.*; *see, e.g.*, *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 60–61 (S.D.N.Y. 2020).

8

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted, plaintiff's claims under the APA and Mandamus Act are dismissed, and plaintiff is ordered to show cause in writing within fourteen days of this Order why his claims under the Fifth Amendment and Declaratory Judgment Act should not also be dismissed.

SO ORDERED.

                                                                            /s/ Rachel Kovner
                                                                            RACHEL P. KOVNER
                                                                            United States District Judge

Dated: May 22, 2025
       Brooklyn, New York